IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEONEL RAMIREZ GUZMAN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:25-cv-2932-E (BT) |
| | § | |
| KRISTI NOEM, et al., | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

This case is one of many habeas petitions recently filed challenging federal detention pending removal proceedings under 8 U.S.C. § 1225(b).

Petitioner Leonel Ramirez Guzman, a native and citizen of Mexico, entered the United States without being inspected, admitted, or paroled by an immigration officer. In 2023, Petitioner was arrested for a DWI, taken into Immigration and Customs Enforcement (ICE) custody, and released. The Department of Homeland Security (DHS) then initiated removal proceedings, charging Petitioner with removability under 8 U.S.C. § 1182(a)(6)(A)(i) as an alien present in the United States without being admitted or paroled.

On October 28, 2025, ICE agents arrested Petitioner and detained him without a bond hearing under 8 U.S.C. § 1225(b)(2). The next day, Petitioner filed a Petition for Writ of Habeas Corpus and a Motion for a Temporary Restraining Order or Preliminary Injunction (TRO) to enjoin DHS from continuing to detain him under § 1225(b)(2), or, alternatively, to order a bond hearing at which the Government bears the burden of demonstrating flight or safety risk by clear and convincing evidence. ECF Nos. 1, 2. A few weeks later, Petitioner filed an amended habeas petition and TRO request seeking the same relief. ECF Nos. 10-12.

A preliminary injunction is "an extraordinary remedy." *Miss. Power & Light Co v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). To obtain injunctive relief, a movant must establish (1) a substantial likelihood that the movant will prevail on the merits; (2) a substantial threat that irreparable harm will result if the injunction is not granted; (3) that the threatened injury outweighs the threatened harm to the defendant; and (4) that granting the preliminary injunction will not disserve the public interest. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987) (citing *Canal Auth. v. Callaway*, 489 F.2d 567, 572-73 (5th Cir. 1974)). The party seeking preliminary injunctive relief carries the burden of persuasion on all four elements. *Bluefield Water Ass'n, Inc. v. City of Starkville*, 577 F.3d 250, 253 (5th Cir. 2009).

Recently, the Fifth Circuit issued its published decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026), holding that aliens like Petitioner—"alien[s] present within the United States who ha[ve] not been admitted" by lawful means, *see* 8 U.S.C. §§ 1225(a)(1), 1101(a)(13)(A)—are deemed to be "applicants for admission," and unless they show themselves to be "clearly and beyond a doubt entitled to be admitted," they "shall be detained" pending their removal proceeding under § 1225(b)(2)(A). In view of this new precedential authority, Petitioner cannot establish a substantial likelihood that he will prevail on the merits of his claim that he is wrongly detained under § 1225(b)(2) or that he is entitled to a bond hearing under § 1226. Thus, the Court **DENIES** his Motion for Temporary Restraining Order and Preliminary Injunction and Amended Motion for Temporary Restraining Order and Preliminary Injunction (ECF Nos. 2, 11).

SO ORDERED THIS 19th day of February 2026.

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE

2