IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEONEL RAMIREZ GUZMAN, Petitioner, | § § § | |
| v. | § | CIVIL CASE NO. 3:25-CV-2932-E-BT |
| MARKWAYNE MULLIN, et al., Respondents[1]. | § § § | |

**ORDER**

Before the Court is petitioner Leonel Ramirez Guzman's amended petition[2] for writ of habeas corpus under 28 U.S.C. § 2241, challenging his detention pending removal proceedings. Doc. 10. Upon careful review of the pleadings and the applicable law, the amended petition is **DENIED**.

## I. BACKGROUND

Petitioner, a native and citizen of Mexico, entered the United States without inspection or parole in 2006. Doc. 10 at 10. On June 4, 2023, he was charged with being subject to removal under 8 U.S.C. § 1182(a)(6)(A)(i) as an alien present in the U.S. without being admitted or paroled. *Id.* at 17. Immigration and Customs Enforcement (ICE) released Petitioner that same day. *Id.* ICE

[1] The Clerk of Court is instructed to substitute Markwayne Mullin, current Secretary of the United States Department of Homeland Security, for Kristi Noem; David J. Venturella, current Acting Director of Immigration and Customs Enforcement, for Todd Lyons; Todd Blanche, current United States Attorney General, for Pam Bondi; and Robert Cerna, current Field Office Director of Enforcement and Removal Operations, Dallas Field Office, Immigration and Customs Enforcement, for Josh Johnson. *See* FED. R. CIV. P. 25(d).

[2] The amended petition is the operative pleading. *See*, *e.g.*, *Sam v. Louisiana*, 409 F. App'x 758, 762 (5th Cir. 2011) (per curiam) (citation omitted).

then re-detained Petitioner on October 28, 2025, under 8 U.S.C. § 1225(b)(2) for the pendency of his removal proceedings, which are ongoing.[3] *Id.* at 17-18.

Petitioner filed his amended habeas corpus petition on November 21, 2025, challenging his detention while his removal proceedings are pending. He claims that his detention is unlawful (1) because he is properly detained under 8 U.S.C. § 1226(a), which allows for bond hearings, as opposed to 8 U.S.C. §1225(b)(2), which does not; (2) because the Government cannot "suddenly switch" its position that he is detained under § 1226(a), not § 1225(b)(2); (3) because the Ex Post Facto Clause and due-process-centered retroactivity principles bar application of § 1225(b)(2) to him; and (4) because his detention without a bond hearing violates the Fifth Amendment's Due Process Clause. *See* Doc. 10 at 74-76; *see also* Doc. 19. He seeks immediate release or a bond hearing under § 1226(a). Doc. 10 at 76.

Respondents contend that Petitioner is subject to mandatory detention as an arriving alien and applicant for admission under 8 U.S.C. § 1225, so he is ineligible for release, regardless of how prior administrations interpreted the relevant statutory provisions. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *see also* Doc. 20 at 3-4. Respondents also argue that Petitioner's detention pending his removal proceedings does not otherwise offend the Ex Post Facto Clause, the retroactivity doctrine, or the Due Process Clause. *Id.* at 3-9.

## II. ANALYSIS

Based on the facts and the law, the Court finds that Petitioner is not entitled to federal habeas relief. The Court has consistently found, in cases indistinguishable from this one, that

---

[3] *See* Executive Office for Immigration Review (EOIR) automated case information database available at https://acis.eoir.justice.gov/en/ (last accessed on September 28, 2026).

applicants for admission like Petitioner are properly detained without bond under § 1225(b)(2), *see Buenrostro-Mendez*, 166 F.4th at 498.

As for Petitioner's argument that his detention is illegal because the Government once treated him as detained under § 1226(a), *Buenrostro-Mendez* again forecloses relief. The Fifth Circuit there observed that "the government's past practice has little to do with the statute's text. The text says what it says, regardless of the decisions of prior Administrations." *Id.* at 506.

Similarly, Petitioner's Ex Post Facto Clause argument is meritless. The Supreme Court has long recognized that "the constitutional prohibition on *ex post facto* laws applies only to penal statutes which disadvantage the offender affected by them." *Collins v. Youngblood*, 497 U.S. 37, 41 (1990) (citations omitted). Immigration proceedings are a civil matter. *See INS v. Lopez-Mendoza*, 468 U.S. 1032, 1038 (1984) ("A deportation proceeding is a purely civil action to determine eligibility to remain in this country, not to punish an unlawful entry…"); *see also Resendiz v. Noem*, No. 4:25-cv-5940, 2026 WL 445497, at *2 (S.D. Tex. Feb. 17, 2026) (rejecting argument that the Ex Post Facto Clause barred application of § 1225(b)(2) to alien detainee). No penal statute is implicated here.

Nevertheless, Petitioner argues that, even setting aside the Ex Post Facto Clause, "new statutory provisions or judicial interpretations that impose new, adverse immigration consequences for past conduct cannot be applied retroactively." Doc. 19 at 13. To determine whether retroactivity offends due process principles, the Court must "balance the ills of retroactivity against the disadvantages of prospectivity." *Monteon-Camargo v. Barr*, 918 F.3d 423, 430 (5th Cir. 2019) (citation modified). Some ills of retroactivity include compromise of the "'familiar [due process] considerations of fair notice, reasonable reliance, and settled expectations.'" *Id.* (quoting *Landgraf*

*v. USI Film Prods.*, 511 U.S. 244, 270 (1994)). And retroactivity is more likely to be problematic when the legal change is "significant." *Id.*

Application of § 1225(b)(2) to Petitioner is not unlawful. As another judge in this District explained in rejecting an identical argument, "it is not impermissibly retroactive to apply the DHS policy announced in [*Matter of*] *Yajure Hurtado* [29 I. & N. Dec. 216 (BIA 2025)] and affirmed as binding in *Buenrostro-Mendez* to [Petitioner]." *Nieto Torres v. Noem*, No. 1:25-CV-197-H, 2026 WL 695639, at *5-7 (N.D. Tex. Mar. 9, 2026) (Hendrix, J.); *see also Nestor Andres Artiaga Ricardo v. Randy Tate, et al.*, No. H-26-4562, 2026 WL 2533142, at *1, n.5 (S.D. Tex. Aug. 27, 2026) (same). This is because "few, if any, reliance interests" are implicated by the application of § 1225(b)(2) to applicants for admission like Petitioner, as it "strains credulity" that aliens choose to enter and remain in the country in reliance on complex immigration laws. *Id.* at 5. Further, the statutory construction adopted in *Yajure Hurtado* and *Buenrostro-Mendez* is not the kind of significant legal change that could implicate the retroactivity doctrine. *Id.* at 6. Instead, the Supreme Court has long endorsed the constitutionality of detaining aliens without bond during their removal proceedings. *Id.* (citing *Wong Wing v. United States*, 163 U.S. 228, 235 (1896)). And the Supreme Court clarified in *Demore v. Kim*, 538 U.S. 510, 523 (2003) that "detention during deportation proceedings" is a "constitutionally valid aspect of the deportation process."

Finally, as to Petitioner's argument that detention without a bond hearing is constitutionally impermissible under a *Mathews v. Eldridge*, 424 U.S. 319 (1976) analysis, this Court has consistently rejected this argument, *see Avila v. Mullin*, No. 4:26-CV-460-O (N.D. Tex. Aug. 11, 2026) (holding mandatory detention without bond of an unadmitted alien subject to § 1225 does not violate substantive or procedural due process); *Safi v. Margolin*, No. 4:26-CV-110-O, 2026 WL 922415, at *3 (N.D. Tex. Mar. 16, 2026) (same); *see also Zuniga v. Lyons*, 814 F. Supp. 3d

685, 697 (N.D. Tex. 2025) (Hendrix, J.); *Diaz Patino v. Villegas*, 822 F. Supp. 3d 718, 723-26 (N.D. Tex. 2026) (Hendrix, J.).

## III. CONCLUSION

For these reasons, Petitioner's amended petition for writ of habeas corpus is **DENIED** and this action is **DISMISSED WITH PREJUDICE**.

**SO ORDERED** September 28, 2026.

Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**